[Cite as *Bales v. Dept. of Agriculture*, 2018-Ohio-1312.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Timothy Bales, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 17AP-757 |
| | | (C.P.C. No. 17CV-4743) |
| Ohio State Department of Agriculture, | : | |
| | | (ACCELERATED CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on April 5, 2018

**On brief:** *Critchfield, Critchfield & Johnston, LTD, Eric T. Michener* and *Chad Yoder*, for appellant.

**On brief:** *Michael DeWine*, Attorney General, *James R. Patterson* and *Lydia Arko Zigler*, for appellee. **Argued:** *James R. Patterson.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Timothy Bales is appealing from the destruction of his herd of deer which allegedly was suffering from chronic wasting disease ("CWD"). He assigns two errors for our consideration:

> I. The Franklin County Court of Common Pleas abused its discretion when it held that ODA's destruction Order No. 2017-092 was supported by reliable, probative and substantial evidence.
>
> II. The Franklin County Court of Common Pleas erred in holding that Appellant's due process was not violated when ODA issued and executed a destruction order of Appellant's

deer before a hearing was held and before allowing Appellant
to remedy any alleged risks his deer posed.

{¶ 2}  Bales is the owner of Honey Run Farm in Millersburg, Ohio.  The farm had a herd of captive whitetail deer when he bought the farm.  The Ohio State Department of Agriculture ("the Department") has the responsibility for managing wild animals.  The department concluded that the deer on Honey Run Farm suffered from CWD and sought to have them destroyed.

{¶ 3}  Apparently the deer were under quarantine when Bales purchased them.  At the time Bales purchased them he did not have the required license for owning captive deer.

{¶ 4}  Bales purchased the farm and deer from a Dan Yoder who owned multiple herds of deer.  Yoder had a bad history of managing the herds, or at least of keeping the required records for such deer.

{¶ 5}  CWD can only be diagnosed post mortem.  The deer essentially can be diagnosed definitively as having the disease only after they have been killed to determine if the disease killed them.  The disease must have progressed to a certain point before it can be diagnosed even then.

{¶ 6}  While owned by Yoder, the deer were already under quarantine.  Yoder nevertheless added two deer to the herd at Honey Run Farm without the knowledge of the Department.

{¶ 7}  At an administrative hearing before a hearing officer addressing the issues counsel for Bales argued that violating the terms of the quarantine was a "so what" because the new deer supposedly had not been exposed to CWD.  How counsel could know that is not clear.

{¶ 8}  Two of the deer herds owned by Yoder were destroyed earlier.  The Department was concerned that Yoder did not keep records of the interactions among the herds.  The Department also was concerned that once CWD contaminate deer in the  herd, the disease cannot be controlled or eradicated.

{¶ 9}  Turning to the assigned errors, we cannot find an abuse of discretion with respect to the actions of the Department or with respect to the findings of the court of common pleas.  CWD is a very real danger to all deer in Ohio, both captive and non-captive.

Diagnosing it is problematic but the damage to the entire deer population in Ohio and beyond is real.

{¶ 10} Some of Yoder's herds had the disease and Yoder could not prove the herds were prevented from intermingling. Bales (or a corporation entitled Timothy Bales, Inc.) purchased one of the herds. Bales was fully aware of the problem and of the risk the Honey Run Farm herd would have to be destroyed as a result of Yoder's mismanagement. We can find no fault, let alone an abuse of discretion, by the Department and the common pleas court.

{¶ 11} The first assignment of error is overruled.

{¶ 12} The second assignment of error seems to suggest that somehow Bales could have remedied the situation. Given the scientific evidence about CWD, it is hard to understand how that could be possible.

{¶ 13} This is a problem with no easy solution. The longer deer with CWD survive, the longer the risk exists that those deer will spread the disease to other deer. The captive deer are still very agile, wild animals. Keeping them confined is a challenge at best. If they escape into the wild, the thousands of wild deer in Ohio are endangered. We cannot expect more due process than was provided here.

{¶ 14} The second assignment of error is overruled.

{¶ 15} Both assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____